KATE S. SCHNABEL ET AL., APPELLANTS, VS. CHARLES P. BETTS, APPELLEE.

1. Real estate of the wife will be charged in equity with the value of improvements which she causes to be built thereon.

2. The insolvency of the husband is not a necessary condition to the power of the wife to so charge her real estate.

3. The husband is an incompetent witness in a civil suit against his wife, except in a suit between husband and wife for divorce.

4. This court will, where the evidence is before it, and the decree of the court below is for too large an amount, correct such decree and render here a final decree for the amount the evidence shows to be due.

Appeal from the Circuit Court for Duval county.

*M. C. Jordan* for Appellants.

*C. P. & J. C. Cooper* for Appellee.

THE CHIEF-JUSTICE delivered the opinion of the court:

The appellee, Charles P. Betts, filed his bill against Mrs. Schnabel and her husband, George E. Schnabel. The facts set forth art that Mrs. Schnabel, a married woman, residing in Jacksonville, and owner of a lot in said city, described as follows: " west half of lot two (2) of block eighty-six (86) of the city of Jacksonville," which was her separate legal property, negotiated with the appellee for the erection of a residence thereon. The appellee, with the consent of the husband, agreed to build the house for a sum agreed on. The house was completed by the appellee and received by the appellants, Schnabel and wife. That a court of equity will charge the real estate of the wife with the value of improvements which she procures to be erected thereon, has been several times decided by this court. There was a demurrer to the bill on the ground that it did not allege that

George E. Schnabel was insolvent or that judgment and execution had been obtained against him without avail. No authority has been cited that sustains this position, nor can it be supported on any legal or equitable theory of which we are cognizant. It has never to our knowledge been decided that the husband's insolvency was a necessary pre-requisite to the power of the wife to bind her separate estate in the two methods recognized by our decisions.

The appellants assign as error the exclusion of the testimony of George E. Schnabel, the husband of Mrs. Schnabel. The common law rule which denied to the husband the right to testify for or against his wife in a civil suit against her has not been altered by the statutes of this State. The statute only authorizes the wife to be a witness in a case where her husband is a party. It does not extend the same right to him in a case where she is a party. That they are both parties defendant here does not alter the rule. He could testify to anything relating to his own defence, but he could not testify in support of any defence set up by his wife. McGill vs. McGill, 19 Fla., 341. His evidence was properly excluded. Upon a review of the testimony in this cause the decree of the Circuit Court is modified as to the amount thereof, and a decree will be here rendered against the said Kate S. Schnabel for $37.96, which is declared to be a lien on said " west half of lot two (2) of block eighty-six (86) of the city of Jacksonville " and the improvements thereon.

The cost of this appeal will be taxed against the appellee ; and the costs anterior thereto will be taxed against the appellants.