WILLIAM H. EVERETT AND MADISON EVERETT, PLAIN-
TIFFS IN ERROR, VS. THE STATE OF FLORIDA, DE-
FENDANT IN ERROR.

1. A joint indictment against two persons, charging by proper aver-
   ments the commission of a crime by the one, and that the other
   was present aiding, abetting and assisting in the commission of
   the said crime, is sufficient as to the latter without repeating
   in the allegations as to him the acts that constitute the crime
   charged.

2. Section 1094 of the Revised Statutes, as adopted and now in the
   office of the Secretary of State, contained the following pro-
   vision, viz: "Married persons shall be competent witnesses for
   or against each other in civil cases wherein either of them is a
   party and is allowed to testify." This provision was not in
   the Revised Statutes as published, but in the construction of
   said statutes, in connection with the legislation of 1891,
   such provision must be considered as a part of said revision.

3. Chapter 4029, acts of 1891, on the subject of married persons
   testifying in civil cases, not only includes the provisions of
   Section 1094, as contained in the Revised Statutes as adopted,
   but is more extensive as to permitting such persons to testify
   in such cases; and, according to the rule of construction pre-
   scribed by the Legislature in Section 1 Chapter 4055, acts of
   1891, must be regarded as superseding said Section 1094 when
   the Revised Statutes went into effect.

4. Chapter 4029, acts of 1891, providing that in the trial of civil
   actions neither husband nor wife shall be excluded as witnesses
   where either of them is an interested party to the suit pending,
   and Section 2863 of the Revised Statutes, that "the provisions
   of law relative to the competency of witnesses in civil cases
   shall obtain also in criminal cases," do not conflict with each
   other, and should be construed in harmony as parts of one and
   the same body of statutory law enacted by the same legislative
   body at the same session.

5. Under Chapter 4029, acts of 1891, and Section 2863 of the Revised
   Statutes, the rule as to the competency of husband and wife to
   testify for or against each other in civil cases, will apply also
   to criminal trials. (As to the application of said rule between
   husband and wife in civil cases to criminal trials, RANEY, C. J.,
   dissented.)

Writ of Error to the Circuit Court for Alachua. county.

The facts in the case are stated in the opinion of the court.

*R. W. & W. M. Davis* for Plaintiffs in Error.

*W. B. Lamar*, *Attorney-General*, for Defendant in Error.

MABRY, J.:

The plaintiffs in error were jointly indicted in May, A. D. 1893, for the murder of J. Fletcher Tillman, and after arraignment and trial William H. Everett was convicted of murder in the first degree and recommended to the mercy of the court, and Madison. Everett was convicted of murder in the third degree.

William H. is indicted as principal in the first degree, and Madison as being feloniously present aiding, inciting, abetting and assisting the commission of the murder.

One of the assignments of error here is that "the court erred in admitting, over the objections of the defendants' counsel, any testimony against Madison Everett under the indictment, he being charged as. principal by being feloniously present aiding, abetting, inciting and assisting, it not being charged or alleged how he aided, abetted, incited and assisted." After the usual formal allegations in indictments for murder, the one here charges that William H. Everett and Madison Everett, on a certain day and year, in the county and circuit mentioned, "with force and arms at and in the county of Alachua aforesaid did, without authority of law, wilfully, feloniously, of their malice aforethought and from a premeditated design to effect.

the death of one J. Fletcher Tillman, make an assault upon the said J. Fletcher Tillman, and a certain pistol which then and there was loaded with gunpowder and leaden bullets, and by him, the said William H. Everett, had and held in his hand, he the said William H. Everett did then and there unlawfully, wilfully, feloniously, of his malice aforethought, and from a premeditated design to effect the death of the said J. Fletcher Tillman, shoot off and discharge at and upon the said J. Fletcher Tillman, thereby and by thus. striking the said J. Fletcher Tillman with two of the leaden bullets aforesaid, inflicting on and in the head of him the said J. Fletcher Tillman, two mortal wounds, of which said two mortal wounds the said J. Fletcher Tillman then and there instantly died; and that the said Madison Everett at the time and place of the commission of the said murder and felony aforesaid, was feloniously present then and there aiding, inciting, abetting and assisting the said William H. Everett the said murder and felony to do and commit; and so the said William H. Everett and the said Madison Everett did, in manner and form aforesaid, without authority of law, wilfully, feloniously, of their malice aforethought, and from a premeditated design to effect the death of the said J. Fletcher Tillman, kill and murder the said J. Fletcher Tillman." No attack was made on the indictment before trial, and the objection urged, under the assignment of error mentioned, is not to any designated part of the evidence introduced by the State against Madison Everett, but it is contended that no testimony of any kind should have been admitted against him, because the indictment does not allege how he aided, abetted, incited and assisted in the commission of the offense. The manner in which the killing was effected by William H. Everett, it will be seen

from the part of the indictment copied, is alleged, and Madison Everett, it is charged, was feloniously present aiding, assisting and abetting in the commission of the felony. The defendant, Madison Everett, plead to this indictment and went to trial on it, and we think it is entirely sufficient to authorize the admission against him of all competent evidence bearing on the case.

Another assignment of error discussed by counsel for plaintiffs in error is that "the court erred in allowing the wife of William H. Everett, defendant, to testify against him." After the testimony for the State in chief had been introduced and the defendants had made voluntary statements in their behalf to the jury, Mrs. Ellen Everett, wife of the defendant William H. Everett, was called as a witness on the part of the State to testify in rebuttal of the statement made by her husband. An objection was made by defendant that she was not a competent witness, and this objection being overruled an exception was duly noted. It appears that for several months before the deceased was killed, and up to the time of the trial, William H. Everett and his wife had lived separate and apart from each other, and this separation, according to his statement before the jury, was brought about by reason of improper relations between his wife and the deceased. The defendant William H. Everett stated that his wife had made to him certain admissions and confessions of such improper relations, and Mrs. Everett was permitted in her testimony to contradict her husband's statement in the particulars mentioned. The exception taken and urged here is confined entirely to the competency of the wife to testify at all in the case. The act of 1891, Chapter 4029, page 968 Appendix to R. S., provides "that an act entitled 'an act to allow

married women to testify in all civil cases where their husbands are parties and not disqualified,' the same being Chapter 3124 of the laws of Florida, approved March 7th, 1879, be amended so as to read as follows:   Section 1. That in the trial of civil actions in this State, neither the husband nor the wife shall be excluded as witnesses where either the said husband or wife is an interested party to the suit pending. Section 2. That all laws or parts of laws in conflict with this act be and the same are are hereby repealed." Section 2863 of the Revised Statutes reads as follows: "The provisions of law relative to the competency of witnessess in civil cases shall obtain also in criminal cases."   For plaintiffs in error it is contended that the act of 1891, Chapter 4029, is not in force for the reason that it is an amendment of Chapter 3124, acts of 1879, and that this latter act was entirely omitted from the revision of the statues submitted to the Legislature. It is provided in the latter part of the first section of the act of 1891 adopting the Revised Statutes, Chapter 4055, that "statutes passed at this session of the Legislature shall not be repealed or affected by said revision, but shall have full effect as if passed after the enactment of said revision, except those acts passed at this session which are amendatory of laws omitted from said revision."   Counsel insist that Chapter 4029 is amendatory of law omitted from the revision, and is therefore expressly repealed by the latter when it went into effect.   This contention is based upon a mistaken view of the provisions contained in the Revised Statutes submitted by the commissioners and enacted by the Legislature in reference to the subject-matter of Chapter 4029, acts of 1891.   By referring to the Revised Statutes that accompanied the bill adopting them, and now in the office of the Secretary of State

we find that Section 1094, as therein arranged, reads as follows, *viz:* "Married persons shall be competent witnesses for or against each other in civil cases wherein either of them is a party and is allowed to testify." This provision we do not find in the Revised Statutes as published, and its omission may be accounted for on the theory that the commissioners considered it repealed, or superseded, by Chapter 4029, acts of 1891, as reference is made to this act under the number of the section mentioned. The facts stated make it entirely clear that the act of 1891 referred to can not be considered as repealed because it was amendatory of laws omitted from the revision. Section 1094 of the Revised Statutes as adopted was, it is evident, a revision and an enlargement of the act of 1879, Chapter 3124, and the provisions of this act were still further extended by the act of 1891 so as to make both husband and wife competent witnesses in civil cases where either is an interested party to the suit pending. The history of the legislation in this State on the subject of husband and wife testifying in civil cases, up to the passage of the act of 1891, and the construction of such legislation by this court will be found in the cases of McGill vs. McGill, 19 Fla., 341; Schnabel vs. Betts, 23 Fla., 178, 1 South. Rep., 692; Storrs vs. Storrs, 23 Fla., 274, 2 South. Rep., 368; Haworth vs. Norris, 28 Fla., 763, 10 South. Rep., 18; J., T. & K. W. Ry. Co. vs. Lockwood, decided at this term.

It was held under the act of 1879, which provided that in the trial of civil actions in this State, married women shall not be excluded as witnesses in cases wherein their husbands are parties and allowed to testify, that the wife could testify in civil cases wherein her husband was a party and allowed to testify, but

the like privilege had not been extended to the husband where the wife was a party and could testify. But the act of 1891, Chapter 4029, removes the disability of husband and wife to testify in civil cases to an extent far beyond both the act of 1879 and the provisions of Section 1094 of the Revised Statutes as adopted. They shall not be excluded under the act mentioned, as witnesses in civil actions, where either is an interested party to the suit pending, and the right to testify here given is not dependent upon the fact that either does testify, or is allowed to testify, but where either is a party to the suit pending. If the provisions of this act are to obtain in the trial of criminal cases there can be no question about the right of the wife to testify in the case now before us. But does Chapter 4029, act of 1891, obtain also in criminal cases? The determination of this question involves a construction of both the said act of 1891 and Section 2863 of the Revised Statutes. In the division of the Revised Statutes in reference to the organization and proceedings of civil courts, and under the head of competency of witnesses, we find that Section 1094 deals with the competency of witnesses as affected by marriage, Section 1095 deals with them as affected by interest, and Sections 1096 and 1097 deal with them as affected by crime. These sections contain special provisions in reference to the competency of witnesses in civil cases, and when considered alone confine themselves expressly to civil cases. There are no special provisions in the Revised Statutes in reference to the competency of witnesses in criminal proceedings as in civil cases, but Section 2863, under the criminal division, provides *in general terms* that ":the provisions of law relative to the competency of witnesses in civil cases shall obtain also in criminal cases." It is evident that the

668 SUPREME COURT.

Everett and Everett v. The State of Florida.—Opinion of Court.

purpose as disclosed by the Revised Statutes was to make the competency of witnesses the same in both civil and criminal cases, and that Section 2863 was intended to accomplish this general purpose. It is true that the extension of the provisions of Section 1094 to the trial of criminal cases would not make the wife a competent witness for or against her husband in such cases because she was thereby only authorized to testify when her husband was a party and *allowed to testify*. But this section, although a part of the Revised Statues as adopted, never became operative as law. The act of 1891, Chapter 4029, occupied all of its space and more, and the act adopting the revision expressly provides that statutes passed at that session, not amendatory of laws omitted from the revision shall not be repealed or affected by it, but shall have full effect as if passed after its enactment. In construing Chapter 4029 then, in so far as it is affected by any provision in the Revised Statutes, we must consider it as passed after the revision took effect, although in point of time it became law first. So construing the act of 1891, Section 1094 as incorporated into the revision could never become operative as law, and we must accept the rule established in said act as the law on the subject of the competency of husband and wife to testify for or against each other in civil cases. In construing Section 2863 in connection with the legislation of 1891, the same rule of construction requires that if any conflict be found to exist between them, the former must yield to the latter as being the latest expression of the legislative will on the subject. We do not perceive, however, any conflict in the provisions of the section mentioned and Chapter 4029, act of 1891, as both can exist together without any curtailment or limitation of the provisions of either. The

section referred to does not undertake to prescribe in any particular the competency of witnesses in civil cases, but provides in general terms that the provisions of law relative to the competency of witnesses in such cases shall obtain also in criminal cases. If there had been no general revision of the statutes in 1891 and the Legislature had by a separate act enacted the provisions contained in Section 2863, and on a subsequent day of the session amended the law so that husband and wife could testify in civil cases where either was a party to the suit pending, both provisions would have to be construed together, and would have the effect to make the rule of competency as to husband and wife the same in both civil and criminal cases. The fact that the amendatory act in terms related to the law fixing the competency of certain witnesses in civil cases would not of itself limit the full effect of the other provisions passed at the same session extending all the provisions of law as to the competency of witnesses in civil cases also to criminal trials.

The first session of the Territorial Legislature of Florida in 1822 passed an act regulating descents, and in 1828 an act was passed for the distribution of personal property. The last mentioned act provided that after all debts and legacies had been paid the personal property in the hands of the administrator or executor should be distributed according to the provisions of the law regulating descents. At the following session held in 1829 a new act regulating descents was passed embodying substantially the provisions of the former one on the subject, but containing additional provisions. It was held in Jones vs. Dexter, 8 Fla., 276, that the act of 1828 which adopted the provisions of the law regulating descents as furnishing the rule for the

distribution of personal property was intended to re-
fer to any law of descents which might be in force at
the time the right to the administration became vested.
This rule of construction applied to the act of 1828 in
the case mentioned was not disapproved in the subse-
quent case of Bushnell vs. Dennison, 13 Fla., 77,
though the former case was disapproved in other re-
spects. This rule of construction need not be carried
so far here. The provision of Section 2863 is general,
its purpose being, as we have stated, to make the com-
petency of witnesses the same in both civil and crimi-
nal cases, and its natural and reasonable construction
would embrace all the provisions of law existing cer-
tainly when it went into effect in reference to the
competency of witnesses in civil cases. It is conceded
of course that the Legislature of 1891 in amending the
law as to the competency of husband and wife to tes-
tify for or against each other in civil cases could limit
their right to testify to such cases. The question be-
fore us is, has this been done by Chapter 4029, and we
must determine it by the rules of legal construction.
When the act of 1891, enlarging the competency of
husband and wife to testify in civil cases, was passed
there was no general provision of law then in force
making the competency of witnesses the same in both
cases, but the Revised Statutes enacted at the same
session to take effect as soon as they could be printed
and promulgated did contain such a provsion as we
find in Section 2863. We must assume of course that
the Legislature knew of and understood the provisions
of this section when Chapter 4029 was enacted. Both
of these provisions had their origin in the same legis-
lative body, as there never was, before the Revised
Statutes was adopted, any general enactment making
the competency of witnesses the same in both civil

and criminal cases, and no legislation, prior to 1891, had, to such an extent, enlarged the competency of husband and wife to testify for or against each other in civil cases. If these two provisions conflicted with each other, we would have to consider the act of 1891 as having been passed last and give to it such consideration as it would be entitled to from that fact. But as they do not conflict, it seems to us that they should be construed in harmony with each other as parts of one and the same body of statutory law enacted by the same legislative body at the same session. We must assume that they were both in the legislative mind at the same time, and there are evidences of a purpose on the part of the Legislature to have the statutes passed in 1891 considered in harmony with and as forming a part of the general system of revision and consolidation of the public statutes then adopted and to take effect as soon as they could be printed and promulgated. The absorbing subject of legislation at that session was the revision and consolidation of the statutes of a general nature in force in this State into one harmonious body of statutory law. The Legislature of 1889 had provided for an entire revision, consolidation and arrangement of all the statutes of a general nature in force in the State into the form of one act with suitable divisions and headings, and the work as provided for was before the session of 1891 for adoption. The revision submitted, with certain omissions, alterations and additions from, of and to the same was declared to be statute law under the title of "The Revised Statutes of the State of Florida," and to go into effect on the 30th day after the date of the Governor's proclamation announcing the publication of the same. The adopting act expressly repealed every statute of a general and perma-

672 SUPREME COURT.

Everett and Everett v. The State of Florida.—Opinion of Court.

nent nature enacted by the State of Florida, or by the
Territory of Florida, not included in the revision, or
recognized and continued in force by reference therein.
And then in the provision saving the legislation of
1891 from repeal by the revision when it should take
effect, there is an exception as to statutes amendatory
of laws omitted from the revision. The laws or stat-
utes not contained in the revision had been expressly
repealed and declared in effect to form no part of the
system of statutory law as therein arranged, and hence
any amendment of the omitted statutes might be en-
tirely out of harmony with the revision. We further
find that the commissioners who prepared the revision
were directed to have printed under their supervision
along with the Revised Statutes "an appendix contain-
ing the acts of the present session (1891) of the Legis-
lature which are general and permanent in their na-
ture, rejecting superfluous verbiage and reducing them
to concise form, with head lines according to the form
of the said Revised Statutes." Although the adopt-
ing act says that statutes passed at that session, and
not amendatory of laws omitted from the revision, shall
not be repealed or affected thereby, but shall have full
effect as if passed thereafter, it was not intended, we
think, that such statutes when not in conflict with the
revision should be construed as entirely separate and
independent legislation. In such case we are to look
upon the revision and the acts of 1891 as the product
of the same legislative mind, and designed to go to-
gether in the accomplishment of any clear purpose ex-
pressed in either. They should have the same effect
upon each other as statutes passed at the same session.
As before stated, we must assume that the Legislature
fully comprehended the provision of Section 2863 and
knew it would soon take effect when Chapter 4029 was

JANUARY TERM, 1894. 673

Everett and Everett v. The State of Florida.—Opinion of Court.

passed, and as both can be given full effect and stand in harmony with each other, it seems to us that this is the proper way to construe them. Potter's Dwarris on Statutes, pages 189 and 190. Applying this rule of construction to Section 2863 in connection with Chapter 4029, act of 1891, the rule as to the competency of husband and wife to testify for or against each other in civil cases, as well as to the competency of witnesses in other civil cases, will apply also to criminal trials. Such we think is the effect of the legislation on the subject, and we can not say that the Legislature did not intend such a result. From this it follows that the Circuit Judge did not err in permitting Mrs. Everett to testify in the case. It may be observed that the relation of husband and wife was always an additional disability to testify for or against each other in any case, and that the removal of the disability of interest would not of itself permit them to testify for or against each other.

It is also argued here by counsel for plaintiffs in error that the testimony does not sustain the conviction against either of them. This contention can not be sustained on this record. An examination of it leaves no room for doubt as to its sufficiency to sustain the verdict.

There are many other assignments of error here, but they are not alluded to in the brief of counsel for plaintiffs in error, and hence are abandoned.

The judgment is affirmed, and an order will be entered accordingly.

43

RANEY, C. J., dissenting:

I am unable to concur in the conclusion of the majority of the court as to the competency of the wife of William H. Everett to testify against her husband.

The Revised Statutes, as the same were adopted by the Legislature, contained the following provisions:

Section 1094. Married persons shall be competent witnesses for or against each other in civil cases wherein either of them is a party and is allowed to testify. See original in the office of the Secretary of State.

Section 1095. No person in any court or before any officer acting judicially shall be excluded from testifying as a witness by reason of his interest in the event of the action or because he is a party thereto. There are certain limitations as to an interested party testifying concerning transactions or communications with deceased persons, which it is not necessary to notice here.

The above provisions are under the head: Competency of witnesses, in Chapter 15 of the Second Division of the revision, which Division is entitled: Second Division. Of Civil Courts—Their Organization and Proceedings Therein.

In the Fifth Division, entitled: Crimes and Procedure, Chapter 7, entitled Witness, it is provided: Section 2863. The provisions of law relative to the competency of witnesses in civil cases shall obtain also in criminal cases.

In the same division is: Section 2908. In all criminal prosecutions the accused shall have the right of making a statement to the jury, under oath, of the matter or his or her defense.

The act approved June 8th, 1891, Chapter 4055, adopting the Revised Statutes with specified omissions from, alterations of and additions thereto, and providing for such revision to become operative on the 30th day after the Governor's proclamation announcing the publication thereof, repeals every statute of a general and permanent nature, in so far as the same or any part thereof is not included in such revision or recognized and continued in force by reference therein. This adopting statute also enacts as follows: Statutes passed at this session of the Legislature shall not be repealed or affected by said revision, but shall have full effect as if passed after the enactment of said revision, except those acts passed at this session which are amendatory of laws omitted from the said revision.

Among the acts passed at the mentioned session of the Legislature is Chapter 4029, approved June 4th, 1891, entitled: An act to amend Chapter 3124 of the laws of Florida, so as to authorize both husband and wife to testify in civil actions in which either may be interested. It amends the act referred to, and more fully designated in its body, so that it shall read as follows: That in the trial of civil actions in this State neither the husband nor the wife shall be excluded as witnesses where either the said husband or wife is an interested party to the suit pending.

The act so amended, Chapter 3124 approved March 7th, 1879, reads as follows: In the trial of civil actions in this State married women shall not be excluded as witnesses in cases wherein their husbands are parties and allowed to testify.

Another act passed in 1891 was Chapter 4036, approved June 5th, 1891, to the effect: That atheists, agnostics and all persons who do not believe in the doc-

trine of future rewards and punishments, shall be permitted to testify in any of the courts of this State; and they may solemnly affirm instead of taking an oath, and false testimony by said persons shall be perjury as in cases of other witnesses, and shall be punished as now provided by law.

The question for decision is whether or not a wife is a competent witness against her husband on the trial of the latter upon a criminal charge. In treating this question we are to concede that the Legislature of 1891, when enacting the adopting act, Chapter 4055, *supra*, was familiar with each and every provision of the Revised Statutes. It knew of course that in adopting the revision it was enacting a system of laws which, as such system or revision, would not become operative until the commissioners should "as soon as possible after the adjournment of the Legislature amend the Revised Statutes as submitted by them so as to incorporate with the body of the text the amendments made by *this act*" (Chapter 4055), and prefix indexed copies of the Constitution of the United States and the State and of the sections of Chapter 4055 adopting such revision, and add an appendix containing the acts of the session of 1891 of a general and permanent nature, and the same should be printed under the supervision of such commissioners, nor until the thirtieth day after an Executive Proclamation announcing such publication had been issued (secs. 2, 9, 10, Chapter 4055). Providing as it did in the first section of the adopting act that every statute of a general and permanent nature enacted by the State or Territory, and every part of such statute not included in such revision, or recognized and continued in force by reference therein, should be repealed by such revision when it becomes operative —which provision referred to statutes passed prior to

the then existing session of the Legislature—the law-making power found it necessary to form and declare its will as to the effect which the Revised Statutes should, when they came into effect, have upon the legislation of the session of 1891. The expression of this will is to be found in the last clauses of the first of the preceding paragraphs in which the adopting act (Chapter 4055) is mentioned. The meaning of this clause, omitting its exception as irrelevant here, is the same as if it were expressed as follows: "Statutes passed at this session of the Legislature shall not be repealed or affected by the revision upon its becoming operative, but shall have full effect as if passed after such revision had become operative." The revision could have no effect upon other laws until it became operative. Sammis vs. Bennett, 32 Fla., 458, 14 South. Rep., 90. The purpose of the Legislature then was that the act of June 4th, 1891, Chapter 4029, should not be repealed or affected by the Revised Statutes upon their becoming operative, but have full effect as if passed after they had become operative. In other words, as between the Revised Statutes and the last mentioned act, the latter is to be taken as the latest expression of the legislative will upon the subject to which it related, and is to control any contrary expression to be found on the same subject in the revision. What is the expression on the subject of husband and wife testifying for or against each other, to be found in the revision? It is that to be found in Sections 1094 and 2863, *supra*. The former of these Sections is that married persons shall be competent witnesses for or against each other in civil cases wherein either of them *is a party and allowed to testify*. The latter section providing that the provisions of law relative to the competency of witnesses in civil cases

shall obtain also in criminal cases, was not intended to render the wife or husband a competent witness in a criminal cause to which the other was a party, and for the reason that a defendant in a criminal case was not "allowed to testify," within the meaning of this expression as used in Section 1094; but the purpose of the revision was that such defendant should have only the right to make a statement under Section 2908, *supra*. Steele vs. State, 33 Fla., 348, 14 South. Rep., 841. Section 1094 did not of itself or with the aid of Section 2863, or of any other part of the revision confer any competency on the husband or wife as witnesses in criminal cases. Treating the revision as existing law at the time of the enactment of the statute of 1891, as we must do to ascertain the legislative intent, we find that it did not authorize the wife to testify against the husband in criminal cases. What then is the effect of the statute of June 4th, 1891, *supra*, enacting that in the trial of *civil actions* in this State neither the husband nor the wife shall be excluded as witnesses where either the said husband or wife is an interested party to the suit pending? With reference to the legislative intention it is to be viewed in two aspects. As an amendment of the act of 1879, Chapter 3124, *supra*, to operate until the Revised Statutes should become of force, it was to extend to the husband the same competency as to the wife, and relieve the competency of both from the limitation to which the act of 1879 subjected the wife's competency, *viz:* That the one who was a party or interested in the suit must be competent to testify (Haworth vs. Norris, 28 Fla., 763, 10 South. Rep., 18); but of course, and as is apparent from the terms of the act of 1879, the intent to confine such increased and extended competency to civil cases is unquestionable. As the ex-

pression of the legislative intent in connection with the Revised Statutes when they should become operative, it shows no other purpose than to modify Section 1094 by removing the limitation of the one who is a party to the civil case being allowed to testify. As a subsequent expression of legislative will it is confined expressly to civil cases, and thereby purposely excludes criminal cases. Section 2863 did not extend Section 1094 to criminal cases, and the statute in question, Chapter 4029, viewed with reference to its effect upon the Revised Statutes, must be construed upon the assumption that the Legislature was cognizant of this feature of the revision. Knowing that under the revision as it was framed and was to be printed, the husband and wife could not be witnesses for or against each other in criminal cases, the act last mentioned shows an express intent to confine its provisions to civil cases, and precludes the inference that Section 2863 should extend its provisions to criminal cases. Its purpose was to confine it to civil cases notwithstanding Section 2863; it has so declared and such declaration is a limitation on Section 2863, as well as a preservation of the like limitation of Section 1094. Section 2863 is of course not a limitation on legislative power to so limit its effect. It was not the intention of the Legislature that Chapter 4029 should be published as a part of the revision, or as a substitute for Section 1094; nor is the last named section one of those which were omitted, changed, or added to by the adopting act, but it is one which was retained in the compilation as reported, and was as much a part of the revision when viewed in connection with the effect of Chapter 4029, as any other section of that compilation; and though it never became law in fact, it was as much within the contemplation of the Legislature when it

passed Chapter 4029 as was Section 2863, or any other part of the revision. Chapter 4029 was enacted in so far as it was to affect the revision with a view to the effect of that revision, with Section 1094 as a part of it, and not simply with reference to Section 2863, and its sole purpose as to the revision was to remove in civil cases the limitation to competency which was implied by the words "and is allowed to testify." The intent to extend the competency of the wife or husband as witnesses for or against each other to criminal cases, is excluded by the terms of the act of 1891. It is true that Section 1094 never became law, but it is no less true that it is a part of the revision as acted upon by the Legislature in enacting the act of 1891, Chapter 3124; this is clearly shown by the provisions of Sections 5, 6, and 7, the one for omissions, the second for alterations, and the third for additions, to be made from, of and to the revision as it was presented by the commissioners, and by Sections 9 and 10 providing that the revision, as thus changed and not otherwise, should be printed as the Revised Statutes. It was as much the subject of their action as if it had become law and the act of 1879 had been subsequently enacted. The omission of Section 1094 from the publication may be attributed to the fact that the compilers thought it would be of no further practical use as it never became law; but they have not substituted Chapter 4029 in its place, and for the reason that it was not enacted as such and is not to be found in the adopting act. Section 1094, as it remained in the revision after the passage of the adopting act, is an essential part of the Revised Statutes as the subject upon which Chapter 4029 was to act and was enacted with reference to; and the Revised Statutes as containing Sections 1094 and and 2863 are to be regarded in ascertaining the effect

of Chapter 4029 upon such revision and the intent of the Legislature in enacting such chapter, the same as if the revision had been in force at the time of enactment of such act of 1879. The intent of the Legislature to confine this to civil cases is further shown by a consideration of Chapter 4036, *supra*, which also was passed in 1891. In it there is no limitation to civil cases, and as an expression of the legislative will it acted upon the provisions of the revision as to witnesses in both civil and criminal cases; but had it contained, as does the other act of the same year, the words "in the trial of civil actions," there would be no doubt that it would not include criminal cases. It, like Chapter 4029, was not intended as a part of the revision, but as a subsequent law enacted with reference to the revision as if the latter had been existing law.

For these reasons, and without expressing an opinion on any other point involved in the case, except to concur as to the sufficiency of the indictment, I think the judgment of the Circuit Court should be reversed on account of having permitted the wife of the plaintiff in error, William H. Everett, to testify against him.