JOHN R. ROBERTS, *et al.*, *Appellants,* v. MOLLIE ROBERTS, *Appellee.*

Opinion filed April 22, 1918.

A court of chancery will entertain jurisdiction of a suit by a widow against the administrators of her husband's estate to compel them to set aside to her provisions, and clothing necessary for her maintenance, her wearing apparel, household goods and farming utensils which she is entitled under the statute to retain, but which are alleged to be fraudulently withheld from her by the administrators.

Appeal from Circuit Court for Columbia County, M. F. Horne, Judge.

Order affirmed.

*J. B. Hodges* and *Guy Gillen,* for Appellants;

*G. O. Palmer,* for Appellee.

ELLIS, J.—This is an appeal from an interlocutory order overruling a demurrer to a bill of complaint in

which the complainant Mollie A. Roberts, widow of John L. Roberts, seeks as against her two stepsons John R. and John V. Roberts as administrators of her husband's estate, the setting aside of the inventory of the personal property of the estate, the setting apart to her of the household goods, farming utensils, wearing apparel, provisions and clothing necessary for her maintenance, and other relief, and as against the said parties individually and their three brothers, Robbie L., W. L. and C. W. Roberts, the cancellation of two certain deeds of conveyance to lands of which her husband died seized and possessed.

It is alleged as the basis of the relief sought that the administrators procured the inventory to be made which shows the personal property of the estate to be of less value by one-half than its true value, in pursuance of a fraudulent design to deprive the complainant of her rights in the premises; that the administrators pursuant to their design which they held in common with their three brothers to cheat and defraud her out of her interest in the personal estate refused to set apart to her her dower therein basing their refusal upon the consideration named in the two deeds of conveyance of the lands mentioned in which it was recited that the conveyances were executed in consideration of her interest in the estate real and personal of her late husband. It is also alleged that such was not the true consideration for the execution of the two deeds, but that they were executed between them merely by way of dividing among them the real estate of which her husband died seized and possessed.

The bill we think contains equity and rests upon a well recognized ground of equity jurisdiction. Even if the deeds may not be set aside because the considera-

tion therein expressed is not the true consideration the complainant is entitled to the relief sought as to the personal property of the estate.

The order is affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.