ELIZABETH DATSON HORNBECK, *et vir.,* v. ALICE A. DATSON and CLARENCE DATSON, individually and as Executors and Trustees under the Last Will and Testament of B. C. DATSON, deceased; NELLIE MAE DAWSON and ROBERT DAWSON, her husband; BERNICE C. DATSON, THEODORE DATSON, GLENN DATSON and DICK DATSON.

162 So. 908.
Division B.
Opinion Filed July 8, 1935.

*George P. Garrett,* for Appellants;

*G. Wayne Gray,* for Appellees.

PER CURIAM.—This case is before us on appeal from an order denying plaintiffs' application for appointment of an administrator *pendente lite* and denying defendants' motion to dismiss the bill of complaint.

The appellants were the complainants in the court below and assigned as error that part of the order denying plaintiffs' application for appointment of Administrator *pendente lite.*

The defendants filed cross assignments of error challenging the propriety of the order denying defendants' motion to dismiss the bill of complaint.

The appellants state the question involved as follows:

"Where it is admitted that Executors have committed continuous and serious devastavit, and have vastly depreciated the value of the properties in their control, and have never accounted to the beneficiaries, and have been carrying on for about five years the business of the estate without authority from any court or will, or from the Last Will and Testament of the deceased, and where it is admitted that the Executors are insolvent and unable to respond in any damages and are serving without bond, and have expressed themselves as very antagonistic to a court proceeding brought by a certain beneficiary intended to require said Executors to make proper accounting, to respond in

damages, to make a proper division of the property; and also intended to obtain a legal construction of the will under which the Executors are acting—ought the Circuit Court to appoint an Administrator *pendente lite* or Receiver to handle the assets and affairs of said estate, pending the final determination of the suit?"

The record does not sustain the presumption contained in the question. There was no admission of the facts alleged in the bill of complaint except that which the law imposes as the result of the filing of a motion to dismiss which takes the place of demurrer under the old practice. The motion to dismiss only admits the allegations of the bill for the purpose of testing the sufficiency thereof as matters of pleading and does not for any other purpose admit such allegations to be true.

The bill of complaint seeks the construction of the Last Will and Testament of one B. C. Datson, deceased. The complainant, Elizabeth Datson Hornbeck, was one of the children of B. C. Datson, deceased, and was one of the beneficiaries under the will. Alice A. Datson was the widow of B. C. Datson and Clarence Datson was the oldest son of B. C. Datson, deceased. They were appointed Executors and Trustees under the Will. Nellie Mae Dawson, Bernice C. Datson, Theodore Datson, Glenn Datson and Dick Datson were children of the deceased, and were beneficiaries under the Will. Robert Dawson was the husband of Nellie Mae Dawson.

The bill prayed for an accounting, for a proper division and closing up of the estate, the discharge of the Executors and Trustees, and for the appointment of an Administrator *pendente lite* to take charge of the assets and affairs of the business and property of the estate and to carry on the business until the termination of this litigation. The pro-

priety of the appointment of an Administrator *pendente lite* was discussed fully in the opinion prepared by Mr. Justice ELLIS for this Court in the case of Story v. First National Bank, 103 Fla. 399, 139 Sou. 179. In the first and second headnotes we held:

"Where the legatees under a will which names an Executor to pay the debts of the testator and the same person as trustee to hold the residue of the estate for the benefit of persons named commence a suit after the probate of the will and completion of the duties of the Executor, to obtain a construction of the will, to declare the attempted creation of the trust void, enjoin the trustee from intermeddling in the ownership of the property or controlling any business or personal property belonging to the estate, to account for all moneys received and expenses incurred and be charged with mismanagement and waste and to deliver possession of all property belonging to the estate to the legatees under the will who are the statutory heirs of the testator, the litigation thus commenced presents such a contest of the provisions of the will as that the court may appoint an administrator *pendente lite*.

"Where a will names an Executor to administer an estate and names the same person trustee of the residue of the property after payment of debts and prescribes the duties of the trustee in respect of such property and the heirs of the testator assert the invalidity of the trust provisions of the will and demand possession of the properties after the duties of Executor have been completed, and the trustee denies such claims of the heirs and proceeds to take possession and control of the properties such trustee becomes necessarily antagonistic to the asserted rights of the heirs and in such case on the cause being duly presented to a

court of competent jurisdiction the appointment of an administrator *pendente lite* is appropriate."

In this case the bill of complaint fails to allege such state of facts or to contain such allegations as may be construed to bring this case within the rule of one which is instituted to contest a will. In this bill of complaint the validity of the will is asserted with the prayer that it be construed and its meaning and effect be decreed. We do not think the showing made is sufficient to require the Chancellor as a matter of right to appoint an administrator *pendente lite,* nor do we find that the record reflects an abuse of judicial discretion.

The bill of complaint is not entirely without equity. The allegations, unanswered, are sufficient to show that the complainants are entitled to an accounting. There, the cross assignment of errors must fall.

The order appealed from should be affirmed and the cause remanded for further proceedings.

It is so ordered.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and DAVIS, J., concur in the opinion and judgment.