VIRGINIA LANDIN *et al., Appellants,* v. NEILS MCKENZIE
OERTING, *Appellee.*

Where the decree rendered by a Probate Court is correct, a ruling
of that court sustaining an objection to testimony that had
been submitted, even if erroneous, may be harmless, and if so,
will not warrant a reversal of the Probate decree by the
Circuit Court on appeal.

This case was decided by Division A.

Appeal from the Circuit Court for Escambia County.

The facts in the case are stated in the opinion of the
court.

*Sullivan & Sullivan,* for Appellants;

*R. P. Reese,* for Appellee.

WHITFIELD, C. J.—This appeal is from a decree of the
circuit court reversing a decree of the County Judge
sitting as a Court of Probate. A final settlement by an
administrator of his deceased wife's estate was contested
by the decedent's children. In taking the testimony be-
fore the County Judge as to whether certain bank de-
posits amounting to $857.00 included in the inventory of
the deceased wife's estate were the property of the de-
cedent or of her husband, the administrator, the following
question was propounded to the administrator by his
counsel: "State whether or not the money on deposit in
the American National Bank, of Pensacola, to the credit
of Mary C. Oerting, at the time of her death, was your
money." Answer. "I had eight hundred dollars in gold
in an old trunk at my house where it had been for years,

and during my absence from the city, my wife, Mary C. Oerting, discovered that the money was there, and upon my return to the city my wife got the money out of the trunk and carried it down to the bank and deposited it in her name." It appears merely that an objection was sustained by the County Judge to this testimony on the ground that it related to a transaction or communication between the administrator and his decedent.

Even if the action of the County Judge in sustaining the objection to the testimony was erroneous, it was, in view of the entire record, harmless. The administrator had included the bank deposits in the inventory of the decedent's property signed by him and by the appraisers. The testimony objected to was heard by the judge notwithstanding the objection to it, and whether it was considered or not, it was not sufficient to overcome the evidence in the case showing that the deposits were the property of the decedent.

The decree of the circuit court is reversed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.