CHARLES D. RANCE, individually and as Administrator of Estate of Anita Rance, deceased, and HILDA LOUISE GAINES, *et vir,* v. MARGARET S. HUTCHINSON, *et al.,* and H. E. GANDY, Sheriff of Escambia County, as *ex officio* Administrator of the Estate of Clarence E. Hutchinson, deceased.

179 So. 777.
Division A.
Opinion Filed February 14, 1938.
Rehearing Denied April 1, 1938.

*E. Dixie Beggs, Jr.,* for Appellants;
*Watson & Pasco & Brown,* for Appellees.

PER CURIAM.—The appeal brings for review final decree in part in the following language:

"This cause coming on for final hearing on the bill and answer herein and on the testimony taken orally before the Court, and the Court having reserved until final hearing herein ruling on the admission of the testimony of Clarence E. Hutchinson taken in the case of Clarence E. Hutchinson

v. Margaret S. Hutchinson, and the Court having heard argument of counsel, and being advised of its opinion, finds:

"(1) That the testimony of the said Clarence E. Hutchinson taken in the case aforesaid is not admissible in this cause, and sustains the objection of the defendants to said testimony, to which ruling on said testimony the counsel for the complainants excepts.

"(2) And the Court further finds from the testimony that the equities are with the defendants, Margaret S. Hutchinson, Mary Jane Hutchinson McRoberts and Henry J. McRoberts, her husband, Gretchen Hutchinson Oexle, Charles W. Oexle, her husband, Martha Hutchinson, Lizzie Mae Jackson and Brownlow Jackson, her husband, and The First Bank & Trust Company of Pensacola, a corporation; and that the complainants have not sustained the material allegations of their bill of complaint, and that it appears from the said testimony that the complainants have been guilty of inexcusable negligence as to amount to *laches* and deprive them of any right to relief in a court of equity.

"It Is Therefore Ordered, Adjudged and Decreed that the said suit be and the same is hereby dismissed, and that the defendants, Margaret S. Hutchinson, Gretchen Hutchinson Oexle and Charles W. Oexle, her husband, Mary Jane Hutchinson McRoberts and Henry J. McRoberts, her husband, Martha Hutchinson, Lizzie Mae Jackson and Brownlow Jackson, her husband, and The First Bank & Trust Company of Pensacola, a corporation, recover their costs in this behalf from the complainants, the same to be taxed by the clerk, and that execution issue therefor."

The complainants in this suit obtained a judgment against Clarence E. Hutchinson on the 9th day of October, 1916. Execution on the judgment was returned *nulla bona*.

Clarence E. Hutchinson departed this life in April, 1932. H. E. Gandy, Sheriff of Escambia County, was shortly prior

to the institution of this suit appointed Administrator of the Estate of Clarence E. Hutchinson, deceased.

This suit was filed October 3, 1936.

The purpose of the suit was to subject certain property to the satisfaction of the judgment obtained in 1916.

The appellants have stated four questions for our consideration, as follows:

"(1) Where deceased's former wife conveyed property to him in his life time and during their marriage in trust for their three children, and the alleged trust is being attacked as fraudulent by judgment creditors of the husband is the former wife permitted to testify concerning transactions with the deceased where the defendants are claiming as beneficiaries under the trust and as successor trustee and not as executor, administrator, heir at law, next of kin, assignee, legatee, devisee or survivor of such deceased person?

"(2) Where a husband communicates to his wife the existence of a right of third persons of which he is attempting to defraud them and where the wife and husband in a divorce suit brought by her husband both testify fully regarding such communications, are the communications privileged in a subsequent action by judgment creditors of the husband, since deceased, to reach the assets fraudulently concealed and conveyed?"

"(3) Where a judgment debtor concealed both real and personal property to him belonging by placing of record instruments indicating their ownership by his wife, and caused his wife to convey all such property to him upon a supposed trust for their three children, and as such supposed trustee held all of the property in his possession and under his exclusive control and dealt with the same without regard to such 'trust' and as he saw fit, without being accountable to anyone and without keeping any records, are

the statements made by such judgment debtor regarding the fraudulent character of such transaction made while he is so holding and using the property admissible in evidence on the question of fraud?"

"(4) Are judgment creditors guilty of *laches* in attacking a fraudulent transfer and fraudulent concealment of property where they had no knowledge of the same until about the time they instituted proceedings to reach the property fraudulently conveyed and concealed?"

The appellee has stated the questions presented as follows:

"No. 1. Where the defendants in a chancery suit are claiming under a conveyance of real estate and an assignment of choses in action made by a married woman and joined in by her husband to such husband as trustee for their children, is the wife a competent witness as to communications between herself and her husband concerning such transaction where the communications occurred at a time when they were married, although they were subsequently divorced?"

"2. Under the circumstances stated in question No. 1 and assuming that the husband is dead at the time of the trial, is the surviving wife a competent witness to transactions with the deceased husband under the provisions contained in Section 4372 of the Compiled General Laws of 1927, where the defendants in such action are persons claiming under such wife?"

"3. Is the testimony of A in a divorce suit brought by himself against B, his wife, concerning a trust in which A is trustee for E, F, and G admissible in a subsequent suit brought by a stranger against a successor trustee in the trust and the beneficiaries thereof?"

"4. Where the testimony received and the testimony offered and rejected by the trial court fails to make out a case

for the complainant, will the appellate court affirm the decree regardless of any errors of the trial court in its rulings on objections to testimony?"

"5. Where the lower court in addition to finding the equities with the defendant, expressly finds in its decree that the appellants have been guilty of such culpable negligence as to bar them from relief, and there is any evidence to sustain such a finding, will the court reverse the decree?"

"6. Where a bill is filed on October 3, 1936, by the owner of a judgment rendered on October 9, 1916, to subject property claimed and held by a third person to such judgment on the theory that such property was fraudulently transferred to such third party, is the remedy barred by reason of the fact that the 20 years expired before the final hearing?"

We think the determination of the case depends upon how the first and second question stated by the appellee are to be answered and that the answer to the first question is found in the negative in the opinion and judgment of this Court in the case of Mercer, *et al.,* v. State of Florida, 40 Fla. 216, 24 Sou. 154, 74 Am. St. Rep. 135. In that case it was said:

"But the reason of the rule for excluding the *confidences* between husband and wife as *incompetent matter* to be deposed by either of them, though they may be competent *witnesses* to testify to other facts, is found to rest in that public policy that seeks to preserve inviolate the peace, good order and limitless confidence between the heads of the family circle so necessary to every well ordered civilized society. The *matter* that the law prohibits either the husband or wife from testifying to as witnesses includes *any information* obtained by either during the marriage *and by reason of its existence.* It should not be confined to mere statements by one to the other, but embraces all knowledge

upon the part of either obtained *by reason of the marriage relation,* and which, but for the confidence growing out of it, would not have been known. And the same rule prevails in full force even after the marital relation has been dissolved by death or divorce. Where the incompetency *as witnesses* of husband and wife on the ground of interest has been removed by statute, as is the case here, either of them may testify for or against the other, to any fact the knowledge of which was acquired by them *independently of their marriage relation,* in any manner not involving the *confidence growing out of the marriage relation."*

It is quite clear that the communications sought to be brought out in this trial were those which grew out of confidences between the husband and the wife. Whatever knowledge may have come to her in connection with the transaction involved came to her because she was the wife of Clarence E. Hutchinson.

It also appears to us that the surviving wife when called as a witness in this suit was precluded from testifying as to communications had with her husband in his lifetime under the provisions of Section 2705 R. G. S., 4372 C. G. L., because the defendants in this suit claim through a conveyance executed by the witness, Mrs. Hutchinson, and, therefore, she is a party through whom interested parties to the suit derive their title.

But, aside from these observations, when the record is considered as a whole, it appears that if the court had allowed all the testimony which was proffered to be introduced and considered in evidence, the result of the trial should have been the same because if the proffered evidence had been accepted and taken into consideration with all the other evidence in the case, the complainants would have still failed to sufficiently prove the allegations of the bill of complaint to warrant a decree in their favor.

466

For the reasons stated, the decree appealed from should be, and is, affirmed.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.