45 So.2d 656 (1950)
HOPKINS et al.
v.
McClure et al.
Supreme Court of Florida, Special Division B.
March 21, 1950.
Rehearing Denied April 6, 1950.
J.A. Scarlett, DeLand, for appellants.
Murray Sams and John L. Graham, DeLand, for appellees.
TAYLOR, Associate Justice.
This appeal is from a judgment of the Circuit Court of Volusia County affirming the judgment of the County Judge of that County dismissing a petition for the revocation of the probate of the will of the late Anne Yale Allis Marsh.
The petition was originally filed by Harry H. Hopkins and Richard S. Allis. Hopkins is alleged to be a nephew and sole heir at law of the deceased. Allis is not shown to be either an heir at law or a beneficiary under a former will, or the personal representative named in a former will. Upon motion of the defendants the petition *657 was dismissed as to Allis. This was not error. See Sec. 732.30, Florida Statutes, F.S.A.
The will was attacked because of alleged undue influence exerted upon the testatrix by A.J. McClure, the principal beneficiary.
The petition also alleges (1) a state of facts which tend to show a moral obligation on testatrix to make a bequest to Allis in the sum of $10,000.00 and a long-existing intention on her part to make such bequest. (2) That A.J. McClure over-persuaded the testatrix and caused her to transfer to him her home, (reserving a life estate), her automobile and an unpaid balance on an annuity. Upon motion these allegations were stricken from the petition. We find no error in this order. The facts alleged are not grounds for revoking the probate of the will. The County Judge was without jurisdiction to adjudicate the validity or invalidity of the alleged transfers of property. Insofar as the facts alleged tend to show a control by the mind of McClure over the mind of the testatrix, or tend to show the relationship between the parties, they could be proven under the general allegations of the petition. After answers to the petition were filed by McClure and the administrator c.t.a. of the will, testimony was taken.
During the progress of the trial while a witness for contestant was on the stand, the following proffer of evidence was made: "We propose to prove by this testimony that Mrs. Marsh undertook to have her homestead made over to Dr. and Mrs. Harry L. Taylor of DeLand, Florida, Mrs. Taylor being Mrs. Marsh's distant relative and descended mutually from Mrs. Anne Yale, their great grandmother, and that, to put her plan in motion, she wrote a letter to Alfred J. McClure outlining her intention so to do, and asked the advice and assistance of the said Alfred J. McClure. That upon receiving notification of such intention and request for advice, Alfred J. McClure took the train to DeLand, Florida and arrived here in DeLand early in June of 1942 and then, shortly thereafter, caused to be put of record a deed to that home property of Mrs. Anne Yale Allis Marsh in which she deeded to him the whole property, reserving unto herself however, a life interest."
This proffered testimony was not admitted, apparently for the reason that the Judge considered it too remote in time. The will was executed August 1, 1941, and the deed referred to in the proffer was dated June 10, 1942.
We think this evidence should have been received. When undue influence of one person over another is being investigated a broad latitude should be allowed in the presentation of evidence of the relationship between the parties both before and after the particular time around which the inquiry centers. Acts and circumstances tending to show undue influence even far removed in time should be considered. Remoteness goes to the weight rather than the admissibility of the evidence, unless the time is so far removed as to deprive the circumstances of any evidentiary value. One year, in a case of this kind, is not such a period of time as would render the evidence without probative value.
The rejection of this evidence, if its consideration could not properly have resulted in a different judgment is harmless error and should not cause a reversal of the judgment. Sec. 54.23, Florida Statutes, F.S.A.; Landin v. Oerting, 61 Fla. 652, 55 So. 843.
We have carefully examined all of the evidence including that proffered and rejected and find that it fails to furnish a sufficient basis for a judgment in favor of the contestant, when measured in the light of the prior decisions of this Court. In re Donnelly's Estate, 137 Fla. 459, 188 So. 108. Marston v. Churchill, 137 Fla. 154, 187 So. 762.
We, therefore, hold the error in rejecting this quoted proffer of evidence to be harmless.
The judgment is affirmed.
ADAMS, C.J., and CHAPMAN and HOBSON, JJ., concur.

*658 On Petition for Rehearing.
TAYLOR, Associate Justice.
On petition for rehearing it is suggested "the Court overlooked or fails to consider that the record in its present condition can not be affirmed, in that such record shows that the bequests made under the purported will have not been paid".
The order of the County Judge appealed from was an order denying a petition to revoke the probate of the will of Ann Yale Allis Marsh. This order did not purport to determine the rights of the beneficiaries of the will in their capacity as such beneficiaries. The Circuit Court affirmed the order of the County Judge denying the petition to revoke the probate of the will, and we affirmed this order. Whatever claims the appellants or either of them may have under the will admitted to probate are not determined by us in this proceeding, and should be presented to the County Judge having original jurisdiction to construe the will and supervise the administration of the estate.
No other grounds of the petition deserve comment.
Petition for rehearing denied.
ADAMS, C.J., CHAPMAN and HOBSON, JJ., concur.