MATHEWS, Justice.
In this case the appellee filed a bill of complaint charging that the appellant was the father of a child which she bore out of wedlock. All allegations of the bill of *653 complaint were denied by the appellant. The appellee relied mainly on testimony of the former wife of the appellant to substantiate her claim. This testimony, admitted by the Court, was by the former wife when she and the appellant were living together and was with regard to a communication allegedly made to the former wife by the appellant at the time when the marital relationship was in full force and effect between them. They were divorced subsequent to this alleged conversation. At the trial of the cause the appellant strenuously objected to this testimony. The sole question necessary for a determination of this matter is whether or not the admission of such testimony was reversible error.
After the appellant filed his brief in this cause, the appellee filed a brief in which it is admitted that the admission of the testimony was reversible error.
Only on rare occasions will this Court reverse a decree of the Chancellor based solely on the admission of the ap-pellee that reversible error has been committed. In this case the law seems to be well settled that communications between husband and wife made in the course of their marriage relationship and while they are married and living together are privileged and may not be disclosed by one without the consent of the other party. Mercer v. State, 40 Fla. 216, 24 So. 154; Ex parte Beville, 58 Fla. 170, 50 So. 685, 27 L.R.A.,N.S., 273; and Ranee v. Hutchison, 131 Fla. 460, 179 So. 777. In the case of Mercer v. State, supra [40 Fla. 216, 24 So. 157], which is cited in the case of Rance v. Hutchison, supra, this Court said:
“ * * * Such confidential communications between husband and wife have always been regarded as privileged, and, when attempted to be detailed or divulged by either of the parties to whom the communication has been intrusted, the law not only forbids, and will not permit it to be done, but regards it as a character of testimony that such witnesses are not competent to depose, and upon the same ground that it prohibits the violation by an attorney of the confidence reposed in him by his client, — that of public pol- ‡ Í tf
The final decree of the Chancellor be and the same is hereby reversed for further proceedings in accordance with this opinion.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.