PER CURIAM.
The plaintiff sued the partners of a brokerage firm. This firm had acted as his agent in a stock transaction. He charged that the brokers had improperly forced him to cover an order to sell a certain amount of stock which he did not own. He now appeals from a final judgment entered pursuant to a jury verdict for the defendants.
The principal contention here is that the trial judge erred in refusing to admit tendered proof that the defendant brokers had established a custom of dealing with the plaintiff whereby defendants did not require prompt payment of deficiencies of margin. Without passing upon the legal sufficiency of the claim for preferential treatment, we hold that the tender fell far short of proving a prior course of conduct. Inasmuch as the tendered testimony would not have established a prima facie case for the claimed estoppel, it cannot now be said to have been harmful error to refuse the tender. See Hopkins v. McClure, Fla.1950, 45 So.2d 656; Rance v. Hutchinson, 131 Fla. 460, 179 So. 777.
Affirmed.