PEARSON, Judge.
The appellant, George Cox, was indicted for first degree murder. He pleaded not guilty and the court appointed counsel to represent him in the course of the proceedings. He was tried before a jury in the circuit court and the jury found him guilty of murder in the second degree. He was sentenced and this appeal followed. We reverse for a new trial.
Appellant’s first point urges that the court committed prejudicial error in admitting, over objection, a confidential communication between the defendant and his wife. The communication was an admission against the interest of the appellant. In order to evaluate appellant’s argument and the State’s contentions, it is necessary to set forth a résumé of the evidence.
The appellant met Thomas Walker in a bar. During an argument, appellant saw a knife fall from Walker’s pocket. Appellant then broke off the altercation with the statement: “Well, I will be back in a few moments”. He left, and returned with a shotgun. The patrons of the bar scattered, except Walker and the deceased, Clifford Sparks. The appellant, Sparks and Walker stood at the bar with Sparks standing between the appellant and Walker. The barrel of the shotgun was pointed at the floor. Appellant stated to Walker: “ * * you don’t believe I will kill you.” There is a conflict in the evidence as to whether or not Walker pushed Sparks into the appellant, but it is clear that the gun discharged with the barrel pointed downward. The discharge struck Clifford Sparks in the thigh, and he died of the wound.
After the shooting, Walker and the appellant engaged in a scuffle, and appellant left the bar. He returned to his home, which was a short distance away, and upon arriving told his wife about the shooting. His wife was allowed to testify over defendant’s objection that appellant told her, “call the police because he had shot the. wrong man.”
*13 It is clear that a wife is competent to testify against her husband in the courts of this State. See Fla.Stat., §§ 932.31, 90.04, F.S.A. The question here is not whether the wife was competent to testify, but whether the statements were a privileged communication between husband and wife which should have been excluded upon the objection of the husband.
In 1898, soon after the passage of the Statutes in question, the Supreme Court of Florida carefully discussed the purpose of the statutes and their effect on privileged matters between husband and wife. The Court stated, in Mercer v. State, 40 Fla. 216, 24 So. 154, 157:
“ * * * Such confidential communications between husband and wife have always been regarded as privileged, and, when attempted to be detailed or divulged by either of the parties to whom the communications have been entrusted, the law not only forbids, and will not permit it to be done, but regards it as a character of testimony that such witnesses are not competent to depose, and upon the same ground that it prohibits the violation by an attorney of the confidence reposed in him by his client, — that of public policy.”
The Statutes that made both the husband and wife competent witnesses to testify for or against each other in civil or criminal matters did not have the effect of empowering either of them to give testimony which would detail or expose confidential communications between them. See Rance v. Hutchinson, 131 Fla. 460, 179 So. 777 (1948); Brown v. May, Fla.1954, 76 So.2d 652. We therefore, conclude that it was error to overrule appellant’s objection to the testimony of his wife and admit into evidence the statement made to her.
Having determined that it was error to admit the privileged communication over the objection of the appellant, we must examine the circumstances further to determine whether or not the error was prejudicial. See Fla.Stat, § 924.33, F.S.A. The record reveals that the defense of the appellant was based entirely upon his contention that he was not guilty of murder, and that the highest offense of which he could be guilty would be manslaughter. The statute defines manslaughter as follows :
“ § 782.07 Manslaughter The killing of a human being by the act, procurement or culpable negligence of another, in cases where such killing shall not be justifiable or excusable homicide nor murder, according to the provisions of this chapter, shall be deemed manslaughter, and shall be punished by imprisonment in the state prison not exceeding twenty years, or imprisonment in the county jail not exceeding one year, o'r by fine not exceeding five thousand dollars.”
Murder in the second degree is defined by § 782.04, Fla.Stat, F.S.A., as follows:
“The unlawful killing of a human being * * *
******
“When perpetrated by an act imminently dangerous to another, and evincing a depraved mind regardless of human life, although without any premeditated design to effect the death of any particular individual, it shall be murder in the second degree, and shall be punished by imprisonment in the state prison for life, or for any number of years not less than twenty years.”
It is apparent that a reasonable interpretation of the statement “I killed the wrong man” could be taken by the jury to include an admission that the appellant returned to the bar for the express purpose of killing Walker. If this interpretation is given to the statement, then the statement militates heavily against appellant’s testimony that the fatal discharge of the shotgun was caused by an accident. We therefore conclude that the error in admitting the privi *14 leged communication was prejudicial. Therefore, a new trial must be ordered.
Appellant has presented two other points. The first of these is directed to an alleged error when the court refused to strike certain statements the assistant state attorney-made in his argument to the jury. Since this point, if found favorably to the appellant, could only result in a new trial, which we have determined must be ordered, we need not consider that point.
Appellant’s last point urges that the evidence is insufficient to establish that the defendant was guilty of murder in the second degree. Since this point might result in a discharge from prosecution for that crime, we have reviewed the record and find the point to be without merit.
Reversed and remanded for a new trial.