202 So.2d 582 (1967)
Wilton A. ROSS, Appellant,
v.
STATE of Florida, Appellee.
No. J-1.
District Court of Appeal of Florida, First District.
September 26, 1967.
Richard W. Ervin, III, Public Defender, and John D. Buchanan, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
WIGGINTON, Chief Judge.
Defendant has appealed a judgment of conviction and sentence based upon a jury verdict finding him guilty of the offense of breaking and entering an automobile with intent to commit a misdemeanor.
Appellant's first point on appeal challenges the ruling of the trial court which overruled his objection to questions propounded to his wife on the ground that they called for answers constituting confidential privileged communications between husband and wife.
One of the articles stolen from the automobile of the victim was a lady's sweater. The State called as a witness appellant's wife and sought to establish by her testimony that appellant had given the stolen sweater to her shortly after the offense was alleged to have been committed. Appellant objected to all questions seeking to elicit such testimony on the ground that the transaction constituted a confidential communication between his wife and him, and as *583 such was privileged. The trial court sustained appellant's objection to any oral statements which might have been made by appellant, but overruled his objection insofar as it pertained to the physical act of appellant in delivering the sweater to his wife.
Appellant concedes, and we agree, that the statutes of Florida have effectively abrogated the common law principle which precludes one spouse from testifying against another in a judicial proceeding.[1] Appellant insists, however, that if one spouse is called to testify against another, common law precludes the witness from testifing as to any communications between the husband and wife on the ground they are confidential and therefore privileged. The law of Florida supports appellant in this contention as reflected by the decision of the Third District Court of Appeal in Cox v. State where Judge Pearson, speaking for the court, said:
"In 1898, soon after the passage of the Statutes in question, the Supreme Court of Florida carefully discussed the purpose of the statutes and their effect on priviliged matters between husband and wife. The Court stated, in Mercer v. State, 40 Fla. 216, 24 So. 154, 157:
"`* * * Such confidential communications between husband and wife have always been regarded as privileged, and, when attempted to be detailed or divulged by either of the parties to whom the communications have been entrusted, the law not only forbids, and will not permit it to be done, but regards it as a character of testimony that such witnesses are not competent to depose, and upon the same ground that it prohibits the violation by an attorney of the confidence reposed in him by his client,  that of public policy.'"[2]
Appellant argues that the physical act of delivering the stolen sweater to his wife was just as much a confidential privileged communication as a statement to her as to how he acquired the sweater would have been, and as such his objection to her limited testimony should have been sustained.
The question presented by appellant is a novel one in this jurisdiction, as no decision by an appellate court of this state has been cited or discovered which passes precisely upon the point. A discussion based upon facts which may be closely analogous to those in the case sub judice is that rendered by the Supreme Court in Porter v. State.[3] An examination of the original file in the records of the Supreme Court reveals that appellant was convicted of first degree murder and appealed the judgment of conviction rendered against him. One of his points on appeal challenged the action of the trial court which overruled his objection to questions propounded to his common-law wife while testifying as a witness for the State. Other than appellant, his wife was the only eyewitness to the dispute between appellant and the deceased. The wife was permitted to testify in graphic detail as to *584 the actions of appellant which culminated in his decapitating his mother-in-law with a machete. Appellant's objection to his wife's testimony was upon the ground that under the statute a wife is permitted to testify against her husband only if she is an interested party in the case. This contention by appellant was rejected by the Supreme Court, and his conviction was affirmed. While it is true that appellant's objection in the Porter case was not upon the specific ground of confidential communication relied on by appellant in the case sub judice, the objection to its admissibility was nevertheless made. It occurs to us that if the testimony of the wife in Porter was subject to exclusion on any proper ground, its admission would have constituted such fundamental error as to require reversal of the judgment in that case. Since the Supreme Court refused to disturb the judgment it reasonably follows that the testimony of appellant's wife in the case now reviewed, confined as it was to physical acts of her husband, must be considered as not constituting confidential communications privileged under common law principles. We therefore conclude that the ruling complained of was proper and free from error.[4]
In addition to the above it is observed that the testimony of appellant's wife establishing theft of the sweater was merely cumulative of other testimony connecting appellant with the theft of the other articles stolen from the automobile, and to that extent its admission would be considered harmless and insufficient to justify reversal of the judgment appealed.[5]
We have considered the remaining points on appeal presented by appellant but find them to be without substantial merit. The judgment appealed is therefore affirmed.
JOHNSON and SPECTOR, JJ., concur.
NOTES
[1] F.S. § 90.04, F.S.A.

"Witnesses; competency of wife or husband
In the trial of civil actions in this state, neither the husband nor the wife shall be excluded as witnesses, where either the said husband or wife is an interested party to the suit pending."
F.S. § 932.31, F.S.A.
"Same; competency as in civil cases
The provisions of law relative to the competency of witnesses and evidence in civil cases shall obtain also in criminal cases, except in cases otherwise provided by law."
[2] Cox v. State, (Fla.App. 1966) 192 So.2d 11, 13.
[3] Porter v. State, (Fla. 1964) 160 So.2d 104, 110.
[4] See also Gates v. State (Fla.App. 1967) 201 So.2d 786, opinion filed August 8, 1967.
[5] F.S. § 924.33, F.S.A.

"When judgment not to be reversed or modified
No judgment shall be reversed unless the appellate court after an examination of all the appeal papers is of the opinion that error was committed which injuriously affected the substantial rights of the appellant. It shall not be presumed that error injuriously affected the substantial rights of the appellant."