THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* VIRGIL WAYNE BORCHELT, JR., Defendant-Appellant.

Fifth District   No. 76-229

Opinion filed March 11, 1977.

Bernard A. Paul, of Marion, for appellant.

Loren P. Lewis, State's Attorney, of Benton (Bruce D. Irish and Raymond F. Buckley, Jr., both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant Virgil Borchelt was found guilty by a jury of burglary and theft of property exceeding $150 in value in the circuit court of Franklin County. Defendant presents three issues for review: (1) Whether the trial court erred in denying his motion to suppress evidence obtained as a result of the search of his parents' home; (2) whether the trial court committed reversible error by allowing his wife to testify against him; and (3) whether he received a speedy trial as provided in section 103—5 of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 103—5).

On the evening of August 31, 1974, defendant, Lisa Taylor (now Borchelt) and Richard Shively took some guns from the home of Lisa's sister in West Frankfort. The guns were then taken to the defendant's house and later removed to the home of his parents. Defendant and Lisa Taylor were living together at the time, but were not married until October 31, 1974.

On September 12, 1974, after receiving information from Lisa Taylor,

West Frankfort Policeman Donald Graskewicz and Illinois State Police Detective Roy Cooley questioned defendant in the Williamson County jail where he was being held for an offense committed in that county. Defendant told the officers that the guns were hidden in his parents' home. According to the testimony of the officers, defendant attempted to telephone his parents to tell them that the police were coming and to give them the guns. When defendant received no answer, he told the officers to go to his parents' home to get the guns and if there was any problem, to call him at the jail. Since no one was at home when Officer Graskewicz and Detective Cooley arrived at the residence of the defendant's parents, they waited until Mrs. Borchelt's arrival. They then entered the home with defendant's mother and discovered the guns where defendant had told them they could be found.

Testifying in his own behalf at trial, defendant denied participating in the burglary and denied ever implicating himself to the police. He explained that he told the police where the guns were in order to secure favorable treatment for his wife, Lisa, who had been charged with the same burglary.

Defendant contends that the trial court erred in denying his motion to suppress physical evidence obtained as a result of the search of his parents' home. For the following reasons we believe that the defendant had no standing to contest the search of his parents' home and that the motion to suppress physical evidence was thus properly denied.

■■■ A fourth amendment violation can be urged only by those whose rights are violated by the search itself, not by those who are aggrieved by the introduction of damaging evidence. (*Alderman v. United States*, 394 U.S. 165, 22 L. Ed. 2d 176, 89 S. Ct. 961 (1969); *People v. McNeil*, 53 Ill. 2d 187, 290 N.E.2d 602 (however, see the eloquent dissenting opinion of Justice Goldenhersh).) There is no standing to contest a search and seizure where a person is not on the premises at the time of the contested search and seizure, alleges no proprietary or possessory interest in the premises and is not charged with an offense which includes as an element thereof the possession of evidence seized at the time of the contested search and seizure. (*Brown v. United States*, 411 U.S. 223, 36 L. Ed. 2d 208, 93 S. Ct. 1565 (1973).) In this case defendant was in jail at the time of the search and seizure in question. He had been living in his own home two blocks away from his parents and had no proprietary or possessory interest in his parents' home. The crime in this case was not one which included as an element possession of the evidence seized at the time of the contested search and seizure. The burglary was complete when, without authority, the defendant entered the victims' residence with the intention of committing a theft. The felony theft was complete when defendant took unauthorized control of the stolen goods.

Consequently, we find that defendant's rights were not violated by the search of his parents' home and the seizure of the guns.

■■ Defendant next argues that the trial court improperly permitted his wife to testify against him since her testimony was incompetent under the rule of interspousal privilege. In Illinois, interspousal privilege is now limited by statute to "any communication or admission made by either of them to the other or * * * to any conversation between them during coverture * * *." (Ill. Rev. Stat. 1975, ch. 38, par. 155—1.) The conversations between Lisa Taylor (Borchelt) and defendant regarding plans in preparation for the offense were not privileged communications because the two were not married at the time. Furthermore, Lisa's uncontradicted testimony showed that these conversations were made in the presence of a third party, Richard Shively. Hence, even if Lisa and defendant had then been married, their conversations would not have been privileged because they were not confidential in nature. (*People v. Palumbo*, 5 Ill. 2d 409, 414-15, 125 N.E.2d 518; McCormick, Evidence § 80, at 165-66 (2d ed. 1972).) Accordingly, we believe the trial court committed no error when it allowed the testimony of Lisa Taylor Borchelt.

Finally, defendant contends that the trial court erred in denying his motion for discharge under the 120-day speedy trial rule (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(a)). The facts relevant to this contention follow:

| | |
|---|---|
| Date of burglary | August 31, 1974 |
| Defendant charged by information | September 16, 1974 |
| Defendant admitted to bail | September 17, 1974 |
| Defendant indicted | January 7, 1975 |
| Arraignment | February 5, 1975 |
| Defendant sentenced for two Williamson County convictions to penitentiary | August 18, 1975 |
| Defendant transported to Menard | August 20, 1975 |
| Writ of habeas corpus ad prosequendum filed by Franklin County State's Attorney; writ issued | November 12, 1975 |
| Defendant returned to Franklin County Jail | November 15, 1975 |
| Defendant appears in court | November 17, 1975 |
| Motions to suppress confession and physical evidence and for discovery filed | November 19, 1975 |
| Hearing on both motions continued | January 14, 1976 |
| Hearing on motion to suppress physical evidence, motion denied; hearing on defendant's motion to suppress confession continued one week as a | |

result of defendant's objection to State's failure to call Detective Cooley, a material witness to the confession — March 10, 1976

Hearing on motion to suppress confession again continued for "good cause shown"; Detective Cooley in Ohio attending police school — March 17, 1976

Hearing on motion to suppress confession; motion denied. Defendant then moved for discharge because of State's failure to comply with the 120-day rule; motion denied. Case proceeded to trial — April 19, 1976

Section 103—5 of the Code of Criminal Procedure (Ill. Rev. Stat. 1975, ch. 38, par. 103—5) provides in pertinent part:

"Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless the delay is occasioned by the defendant * * *."

"Delay occasioned by the defendant" has been construed by Illinois courts to mean actual delay. Thus, if the defendant filed some motion within the 120 days which caused actual delay, the statutory period is tolled and the 120-day period begins to run anew. (*People v. Nunnery*, 54 Ill. 2d 372, 297 N.E.2d 129.) In this case, defendant was taken into custody on November 15, 1975, the date he was transported from the penitentiary to the Franklin County jail on the State's writ of habeas corpus ad prosequendum. Trial began on April 19, 1976, 156 days after the defendant was deemed held in custody. Thus, unless the delay was occasioned by the defendant, he was entitled to discharge.

As the above chronology of events illustrates, defendant filed a motion to suppress physical evidence and a motion to suppress confession on November 19, 1975. These motions were set for hearing on January 14, 1976, but were continued on that date with no indication in the record as to who requested the continuance.

In the recent case of *People v. Donalson*, 64 Ill. 2d 536, 356 N.E.2d 776, the Illinois Supreme Court made the following remarks in addressing similar contentions based on the 120-day rule:

"The question in such a case is whether the defendant's acts in fact caused or contributed to a delay. We find it unnecessary to answer that question with respect to the defendant's discovery motion in this case because we conclude that the defendant did cause delay in filing his motion to suppress confession. Only 26 days remained in the term when the defendant filed his motion to suppress. Since the allegations of the motion stated facts which, if true, would

show that the defendant's confession had not been voluntarily made, the court was required to conduct a hearing into the merits of the motion. (Ill. Rev. Stat. 1971, ch. 38, par. 114—11(c).) The State has the burden at such a hearing to go forward with the evidence and to prove that the confession was voluntary. (Ill. Rev. Stat. 1971, ch. 38, par. 114—11(d).) Obviously, the State was entitled to some time after the filing of the motion to suppress in order to prepare for the hearing on the motion. In *People v. Terry*, 61 Ill. 2d 593, 596, we found that, based upon the 'unusual circumstances' present in that case, the defendant was entitled to discharge. We recognized, however, that when a defendant files motions such as a motion to suppress evidence, he is ordinarily chargeable with the delay occasioned by the filing of the motion and he moreover has the primary obligation to call the motion for hearing and disposition." 64 Ill. 2d 536, 541-42.

Similarly, in this case defendant's motion to suppress physical evidence and his motion to suppress confession were of a nature requiring a hearing. (Ill. Rev. Stat. 1975, ch. 38, pars. 114—11(c), 114—11(b).) As in *Donalson*, the State had the burden at the hearing on the motion to suppress confession of going forward with the evidence and of proving that the confession was voluntary. (Ill. Rev. Stat. 1975, ch. 38, par. 114—11(d).) Therefore, at least as to the motion to suppress confession, the State was entitled to some time in which to prepare for the hearing.

■■ Since it is apparent that a motion to suppress confession which necessitates a hearing is a delay occasioned by the defendant which will toll the running of the 120-day statutory period (*People v. Donalson*), we hold that the statutory period was tolled by defendant's motion to suppress confession. The new statutory period begins to run from the date to which the case has been delayed. (*People v. Hamby*, 27 Ill. 2d 493, 190 N.E.2d 289, *cert. denied*, 372 U.S. 980; *People v. Lott*, 33 Ill. App. 3d 779, 338 N.E.2d 434.) Under the rationale of *Donalson*, defendant had the primary obligation to call his motion for hearing and disposition. Thus, the earliest date on which the statutory period could be reinstated in this case was January 14, 1976, the initial hearing date for defendant's motions. (See *People v. Lott*, 33 Ill. App. 3d 779, 338 N.E.2d 434.) The trial began on April 19, 1976, the 95th day of the period, well within the time limit. Accordingly, defendant's contentions with regard to the 120-day rule are without merit.

For the foregoing reasons, the judgment of the circuit court of Franklin County is affirmed.

Affirmed.

KARNS and EBERSPACHER, JJ., concur.