CHARLES CARROLL, Associate Judge.
In the prosecution of the respondent Michael Norris for certain alleged offenses which occurred before he married, the trial court entered an order quashing a subpoena served by the state on the defendant’s wife Lura Valdes Norris, holding she was excluded as a witness on the ground of marital privilege. By petition of the state for a writ of certiorari, said order is presented here for review. On consideration thereof in light of the circumstances and applicable law, we hold the order under review is incorrect, and represents a departure from essential requirements of law.
The competency of a wife as a witness in such case (Everett v. State, 33 Fla. 661, 15 So. 543 (1894); Ross v. State, 202 So.2d 582 (Fla. 1st DCA 1967), was not challenged.
In the order excluding the wife as a witness the trial court stated: “The said Lura April Valdes is the defendant’s wife and any testimony which she is called upon to give would be in violation of spousal relationship and privilege.”
In this case, the husband was to be brought to trial on April 21, 1977. The subpoena in question required appearance on that date. The defendant was charged by information with having committed certain crimes on January 21, 1977. The defendant and Lura Valdes were married on March 24, 1977.
The determinative question is whether the rule of privilege, by which either spouse can effectively object to testimony of a spouse as to any communications between them on the ground that they are confidential and therefore privileged, is applicable to communications that occurred prior to the time the persons were married to each other. We hold it is not.
In Brown v. May, 76 So.2d 652 (Fla.1954), in an action between parties formerly married but by then divorced, it was held to be reversible error to permit the wife to submit pertinent and material testimony of communications of the parties which took place during the time they were married and living together. Incident thereto, the Supreme Court said:
“ * * * In this case the law seems to be well settled that communications between husband and wife made in the course of their marriage relationship and *877 while they are married and living together are privileged and may not be disclosed by one without the consent of the other party.” (Citations omitted)
We hold to be without merit the argument of the respondent that Brown v. May, supra, should not be regarded as authority limiting the privilege to the period of the marriage because the court did not use the word “only”, and state expressly that the privilege existed only in the course of the marriage. We view the statement of the Court in Brown as clearly allocating the privilege to the period of marriage. The reason and purpose of the confidential communication privilege afforded to spouses make it essential and logical that it should be applied and used as to communications of the spouses during the time they are married and living together, but not essential or logical with regard to communications of such persons when they were not married to each other.
The petitioner cited authority expressly supporting the latter proposition. In United States v. Mitchell, 137 F.2d 1006, 1009 (2d Cir. 1943), in discussing this marital privilege, the court said: “Further, it is clear that communications actually made outside the marriage relation, as before marriage, are not within the rule. * * * Here the communications most important to the case occurred before marriage.” Also McCormick on Evidence, § 81 (2d Ed. 1972), stating: “The privilege is created to encourage marital confidences and is limited to them. Consequently, communications between husband and wife before they were married or after their divorce are not privileged.”
In Ex parte Bevllle, 58 Fla. 170, 50 So. 685, 688 (1909), the Supreme Court said: “ * * * the husband and wife may testify and may be compelled to for or against the other, in criminal and civil eases, to any fact the knowledge of which was acquired by them independently of their marriage relation.”
Moreover, even if the defendant and Lura Valdes had married prior to the date upon which the alleged offenses occurred, the privilege to be invoked would have been applicable only to confidential communications of the spouses while thus married, and would not extend or apply to testimony relating to acts, as distinguished from communications. Thus, in United States v. Mitchell, supra, the court said: “Again, the privilege applies only to communications, not to acts.” See Porter v. State, 160 So.2d 104 (Fla.1964); Gates v. State, 201 So.2d 786 (Fla.App.1967).
Accordingly, certiorari is granted and the challenged order is quashed.