**STATE of South Dakota, Plaintiff and Appellee,**

v.

**David D. DIKSTAAL, Defendant and Appellant.**

**No. 13574.**

Supreme Court of South Dakota.

Considered on Briefs April 28, 1982.

Decided June 2, 1982.

---

Douglas E. Kludt, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

William E. Coester, Milbank, for defendant and appellant.

DUNN, Justice.

Appellant David Dikstaal appeals from a jury verdict finding him guilty of third-degree burglary. We affirm.

On April 5, 1981, appellant broke into the Burger Mill in Milbank, South Dakota and took several cases of hamburger patties, fish fillets, and french fries. At appellant's preliminary hearing, Shelly Wiseman (Shelly) was called as a witness on behalf of the State and testified that appellant told her "[t]hat he broke into the Burger Mill."

Subsequent to the preliminary hearing and four days before the trial, appellant and Shelly were married. The State offered immunity to Shelly prior to trial. Appellant and Shelly advised the trial court that they wished to exercise the marital communication's privilege to prevent Shelly from testifying against appellant in this matter. The trial court held the marital communication's privilege inapplicable to communications occurring prior to the marriage. Shelly was called as a witness by the State, placed under oath, and when questioned by the State responded "I refuse to answer any questions." The trial court ordered Shelly to testify and warned her that she would be held in contempt of court if she refused to testify. Shelly still refused to testify. The trial court then allowed Shelly's testimony from the preliminary hearing to be introduced into evidence.

Appellant contends that Shelly, being his wife at the time of trial, could not testify against him concerning communications between them occurring prior to marriage.

Appellant relies on the holding of *State v. Jaques,* 256 N.W.2d 559 (S.D.1977), to support his contention; wherein this court found that a witness who is married at the time their testimony is proffered "may not testify for or against the other spouse even with respect to matters occurring prior to marriage[.]" "The competency of a spouse to testify is governed by his or her marital status at the time of trial[.]" 256 N.W.2d at 563 quoting from 97 C.J.S. Witnesses § 77 (1957). We reached this conclusion after interpreting the marital disqualification provision in SDCL 19–2–1, which read:

A husband cannot be examined for or against his wife without her consent; nor a wife for or against her husband without his consent; nor can either, during marriage or afterward, be without the consent of the other examined as to any communication made by one to the other during the marriage[.]

We specifically held in *Jaques* that our decision was based on the first privilege set forth in SDCL 19–2–1, the doctrine of incompetency, and not the second privilege for marital communications. SDCL 19–2–1 was subsequently repealed by the legislature.

Two South Dakota rules are now applicable to the question before us. SDCL 19–13–13 provides: "An accused in a criminal proceeding has a privilege to prevent his spouse from testifying as to any confidential communications between the accused and the spouse." A communication is confidential under SDCL 19–13–12 "if it is made privately by any person to his or her spouse *during their marriage* and is not intended for disclosure to any other person." (emphasis added) The legislature has abrogated the doctrine of incompetency by repealing SDCL 19–2–1, and now pursuant to SDCL 19–13–12 and 19–13–13 only commu-

nications made during the course of a marriage are privileged.

■ The marital communications privilege has generally been interpreted as not protecting communications made between a man and a woman before their marriage. *People v. Baker*, 88 Cal.App.3d 115, 151 Cal.Rptr. 362 (1978) (modified 1979); *State v. Norris*, 352 So.2d 875 (Fla.1977), cert. denied, 439 U.S. 913, 99 S.Ct. 284, 58 L.Ed.2d 259 (1978); *People v. Borchelt*, 46 Ill.App.3d 286, 4 Ill.Dec. 812, 360 N.E.2d 1187 (1977); *State v. Pratt*, 36 Wis.2d 312, 153 N.W.2d 18 (1967); VIII Wigmore, Evidence, § 2335 (McNaughton rev. 1961); McCormick, Evidence § 81 (2nd Ed. 1972). The plain and clear meaning of our rules follows the general interpretation and confines the privilege to communications made during marriage. We hold that Shelly's communications with appellant were not privileged under SDCL 19–13–12 and 19–13–13 because the communications occurred prior to marriage.

Appellant contends that his right to a fair trial was prejudiced because the trial judge required Shelly to be called as a witness at trial. In response to a question by the State, she refused to testify. Shelly had previously informed the judge, while under oath in chambers, that she would not testify. We find appellant's contention to be without merit in the light of our holding that Shelly's testimony was not privileged. In addition, we acknowledged in *State v. Damm*, 62 S.D. 123, 252 N.W. 7 (1933), that the party desiring to compel the spouse to testify may at least call for the testimony at trial, and until the party-spouse formally objects and claims the privilege should not be deprived of the testimony.

■ Finally, appellant contends that the admission of Shelly's testimony from the preliminary hearing was a violation of his Sixth Amendment right to confront the witnesses against him at trial under the unavailable witness statute.* The Sixth Amendment right of an accused in a criminal prosecution to confront the witnesses against him has been made obligatory on the states through the Fourteenth Amendment. *Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). The South Dakota Constitution, art. VI, § 7, assures an accused the right "to meet the witnesses against him face to face." These protections, however, are not absolute. *Harrington v. California*, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); *Barber v. Page*, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 (1968); *Pointer v. Texas, supra; State v. Brim*, 298 N.W.2d 73 (S.D.1980); *State v. Davis*, 293 N.W.2d 885 (S.D.1980). This court and the United States Supreme Court have recognized an exception to the confrontation clause where a witness is unavailable and has given testimony at previous judicial proceedings against the same defendant which was subject to cross-examination by that defendant. *Barber v. Page, supra; State v. Brim, supra; State v. Davis, supra.*

Shelly was unavailable as a witness because of her refusal to testify despite the trial court's order to testify. Appellant was represented by counsel at the preliminary hearing; appellant had every opportunity to cross-examine Shelly as to her statements; and the proceedings were conducted before a judicial tribunal, equipped to provide a judicial record of the hearings. We find that the trial court did not err in admitting into evidence Shelly's testimony from the preliminary hearing.

We affirm the judgment of conviction.

All the Justices concur.

---

* SDCL 19–16–29 provides in pertinent part:
  'Unavailability as a witness' includes situations in which the declarant:
  . . . . . .
(2) persists in refusing to testify concerning the subject matter of his statement despite an order of the court to do so[.]