DAUKSCH, Judge.
This is an appeal from an order granting a motion in limine. The question on appeal is whether a letter written to one’s spouse falls within the marital communications privilege even though the letter was intended to be delivered after the witness’ death?
In a rather macabre fashion the state seeks to introduce into evidence a suicide note written by appellee to her husband just before she took a gun and shot herself in the chest intending to kill herself. Having lived through this ordeal she faces another in the criminal court for her alleged theft and forgery violations. The letter contains what the state maintains are admissions regarding crimes.
The trial court granted a motion in limine prohibiting the state from introducing the letter in evidence.
The husband-wife privilege statute is found in the Florida Evidence Code, Section 90.504(1), Florida Statutes (1981):
A spouse has a privilege during and after the marital relationship to refuse to disclose, and to prevent another from disclosing, communications which were intended to be made in confidence between the spouses while they were husband and wife.
There are no Florida cases precisely on point so we are left to apply our definition to the statute, which statute is rather clear in its wording. But the facts of this ease indicate that a bit more could have been put into the statute to cover this ease.
It is clear that if one spouse communicates to another during the marital relationship then it’s a privileged communication, with limited exceptions. But what if the spouse sends the communication during the relationship intending it to be received afterwards? That’s the problem; is it the time of sending which counts, or the time of intended receipt, or actual receipt? The problem is exacerbated by the police having intercepted the communication when the policewoman opened the sealed envelope in order to read the note. Does that interception take the communication out of privilege?
As far as the legality of the search and seizure is concerned we do not need to decide that issue at this time because that point is not raised on appeal. Although the trial court denied the suppression of the letter as evidence because it found no constitutional violation, the appellee has chosen not to raise that issue at this time. She voluntarily dismissed her cross-appeal.
*1076 The cases cited by-appellant are to no avail because, for instance, State v. Norris, 352 So.2d 875 (Fla. 3d DCA 1977) has to do with a conversation had before the parties were ever married. The other cases have to do with the “interception” concept whereby one cannot object to the introduction of communications when he sends it or leaves it available for anyone’s discovery. Here the letter was written during the marriage and left in the home, in a sealed envelope and addressed to the husband. It is quite clear the writer took reasonable precautions to avoid having the note read by anyone but her husband (intended widower). As a matter of fact, but not of particular importance, we note that the “discovery” of the note was long after appellee had been taken from the home and the gun and shell casing had been secured by the police. The note was not found in the “crime scene” area, — so testified the officer who seized it. Little more than curiosity could have led the policewoman to open the envelope and read the letter. Of course hindsight shows the intuition might have paid off.
Appellee’s caselaw citations are of little value. Brown v. May, 76 So.2d 652 (Fla.1954) has to do with a communication completed during marriage but offered in evidence after termination of the marriage. This is hardly what occurred here. The other cases have to do with the fourth amendment, which is not raised in this appeal.
Only Mercer v. State, 40 Fla. 216, 24 So. 154 (1898) is of help. This case says that the marital privilege should be most liberally construed and “includes any information obtained by either [husband or wife] during the marriage, and by reason of its existence.” 24 So. at 157.
We have found other cases on point, from other states, and recognize the compelling logic in both of them. See Georgia International Life Insurance Company v. Boney, 139 Ga.App. 575, 228 S.E.2d 731 (1976) and In the Matter of Vanderbilt v. Hickey, 57 N.Y.2d 66, 453 N.Y.S.2d 662, 439 N.E.2d 378 (1982). Additionally, in Truelsch v. Northwestern Mutual Life Insurance Company, 186 Wis. 239, 202 N.W. 352, 38 A.L.R. 914 (1925), the court held that a letter written to a wife by her husband, who committed suicide, was not privileged because the communication was not made and completed during marriage. We do not reach that point because there was no death in this case. In this case the communication was sent and received during the marriage and it is privileged.
AFFIRMED.
SCOTT, Associate Judge, concurs.
SHARP, J., concurs specially with opinion.