PER CURIAM.
This is an appeal by the plaintiff William J. Woelfel, individually and as personal representative of the estate of Mary 0. Woel-fel, from a final judgment entered after a jury verdict in a wrongful death, strict liability in tort action against the defendant Firestone Tire and Rubber Company [Firestone] and other defendants. The jury found for the plaintiff Woelfel, but also found the plaintiff twenty-five percent comparatively negligent in the automobile accident sued upon in which a defective tire manufactured by the defendant Firestone had blown out on the plaintiff’s automobile. The jury awarded the plaintiff (a) $1,000,-000 in compensatory damages as against all defendants, reduced to $750,000 by virtue of the plaintiff’s twenty-five percent comparative negligence, and (b) $6,500,000 in punitive damages as against the defendant Firestone. The trial court then granted the defendant Firestone’s post-trial motion for judgment in accordance with its motion for directed verdict, set aside the $6,500,-000 punitive damages award, and entered judgment for the plaintiff for $750,000 plus costs. The plaintiff appeals the order setting aside the punitive damages award; the defendant Firestone cross appeals certain evidentiary rulings made during trial. We affirm.
First, as to the main appeal, we conclude that the trial court was correct in setting aside the punitive damages award for the reasons given by the court in the above-stated post-trial order:
“1. Plaintiff sought punitive damages against FIRESTONE on the basis that FIRESTONE had actual knowledge of a defect in Plaintiff’s tire, and willfully, deliberately and intentionally failed to warn of the unreasonable risk of harm in the use of that tire. Complaint, Count Y.
2. Viewing the evidence and all reasonable inferences therefrom in a light most favorable to Plaintiff, the Court determines that:
a. The tire at issue is an ER78-14 steel belted radial passenger tire manufactured at FIRESTONE’S Wilson, North Carolina, plant during the 30th week of 1976 pursuant to a manufacturing specification placed in evidence;
b. That there is no evidence or any permissible, proper or reasonable inference from the evidence that FIRESTONE had knowledge of a defect in the tire at issue, and that Plaintiff’s evidence in this regard related to different tires manufactured to different specifications containing different compounds and ingredients;
c. Even if this Court were to infer the existence of such knowledge by *474 FIRESTONE, there is no evidence or any permissible, proper or reasonable inference from the evidence that FIRESTONE failed to take measures to inform affected users to return their tires for replacement, or otherwise engaged in any improper conduct; and
d. That there is no evidence or any permissible or reasonable inference from the evidence that FIRESTONE acted with the degree of culpable conduct necessary to support a claim for punitive damages.”
See Orlando Executive Park, Inc. v. P.D.R., 402 So.2d 442, 451 (Fla. 5th DCA), pet. for review denied, 411 So.2d 384 (Fla.1981), approved, 433 So.2d 491 (Fla.1983); A-T-O, Inc. v. Garcia, 374 So.2d 533, 536 (Fla. 3d DCA 1979); see generally White Construction Co. v. Dupont, 455 So.2d 1026, 1028-29 (Fla.1984).
Second, as to the main appeal, we conclude that the trial court’s decision to exclude certain evidence pertinent to the punitive damages issue at trial, even if erroneous, was harmless error in the context of this case. Had the excluded evidence been admitted below, the defendant Firestone would still have been entitled to a directed verdict on the plaintiffs punitive damages claim and, therefore, the error, if any, in excluding the subject evidence was entirely harmless and can form no basis for a reversal in this cause. See Rance v. Hutchinson, 131 Fla. 460, 465, 179 So. 777, 780 (1938); Corbett v. Seaboard Coastline Railroad, 375 So.2d 34, 39 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1202 (Fla.1980); § 59.041, Fla.Stat.(1983).
Finally, as to the cross appeal, we conclude that no error was committed below with reference to the trial court’s evidentia-ry rulings which the defendant Firestone attacks herein. See Jent v. State, 408 So.2d 1024, 1029 (Fla.1981), cert. denied, 457 U.S. 1111, 102 S.Ct. 2916, 73 L.Ed.2d 1322 (1982); Buchman v. Seaboard Coast Line Railroad, 381 So.2d 229, 230 (Fla.1980). The final judgment under review is, therefore, in all respects
Affirmed.